# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN T. JONES, SR.; MARSHA JONES, his wife, | ) ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-819 |
| | ) | Chief Magistrate Judge Amy Reynolds Hay |
| PENNY FORECLOSURES, LLC; PENNY FORECLOSURES, II, LLC; DOME PROPERTIES, LLC; CARLOS DE OLIVEIRA and WENDY DE OLIVEIRA, his wife, | ) ) ) ) ) ) | |
| Defendants | ) | |

## MEMORANDUM OPINION

HAY, Magistrate Judge

The Amended Complaint [Doc. 15] filed in this diversity action comprises four counts: 1) breach of contract; 2) unjust enrichment; 3) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL"); and 4) fraud. The Court considers here the Defendants' Motion to Dismiss the Amended Complaint [19].[1]  The Defendants have, in reality, filed alternative Motions to Dismiss, one made pursuant to Fed. R. Civ. P 12(b)(7) for failure to join a necessary party in accordance with Fed. R. Civ. P. 19, and the other made pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Motion to Dismiss for lack of joinder will be denied, and the Motion to Dismiss for failure to state a claim will be granted in part and denied in part.

---

[1]This Motion and the supporting Memorandum [Doc. 20] were filed on behalf of all Defendants with the exception of Dome Properties, LLC ("Dome"). Dome, which has no relationship with the other Defendants, later joined in these filings.

**Background**

The Plaintiffs, Colorado residents, Glenn and Marsha Jones ("the Joneses" or "the Plaintiffs") allege that Michael Ragans ("Ragans"), an employee of the Defendants, Penny Foreclosures, LLC, Penny Foreclosures II, LLC, Dome Properties, LLC, and Carlos and Wendy De Oliviera (collectively, "the Defendants"), fraudulently induced them to buy properties in Western Pennsylvania. According to the Joneses, the Defendants worked with them to formulate "a plan . . . to purchase properties that would be conducive to re [sic] rented as Section 8 housing." (Doc. 15 ¶ 9). The Plaintiffs state that Ragans understood that they wanted to establish a source of retirement income, and were, therefore, interested in buying only property that could be rented without significant repairs or rehabilitation. (Id. At ¶¶ 9-10). Based on Ragan's representation that he had located properties satisfying these criteria, the Joneses executed written contracts for the purchase of five properties from Penny Foreclosures, LLC, one mortgage from Penny Foreclosures II, LLC, three properties from Carlos and Wendy De Oliviera, and one property from Dome. (Id. ¶¶ 12-15).

The Plaintiffs state that they "were informed repeatedly by [Ragans] that it was not necessary for [them] to . . . tour each property" because Ragans knew what they were looking for and was working in their best interest. (Id. at ¶ 16) Accordingly, the Joneses did not inspect any of the properties prior to purchase, and executed integrated contracts clearly notifying them that they had the right to inspection, that the property was being sold "as is," and that the condition of the properties was "unknown" to the sellers. (Id. ¶ 16, Ex. 1-10).

When the purchased properties were not immediately rented, Ragans allegedly assured

2

the Joneses that a short period of time was needed to effect minor repairs.  When approximately

six months had elapsed with none of the properties under lease, the Joneses traveled to Western

Pennsylvania where they learned that each of the properties "was uninhabitable, had little or no

rental value[, and was] in such a state of disrepair" that demolition was "the only solution."  (Id.

at ¶¶ 16 -20).  This action was filed in June 2009.

The Court addresses first the Defendants' request that the action be dismissed for failure

to join a necessary party.

### The Motion to Dismiss Based on  Rule 12(b)(7)

In evaluating a Motion filed pursuant to Rule 12(b)(7), the Court must "accept all factual

allegations in the complaints and all reasonable inferences to be drawn therefrom in the light

most favorable to the plaintiffs." Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir. 1993).  The

Court next determines whether the absent party "should be joined as [a] 'necessary' part[y] under

Rule 19(a)." See Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007).

This portion of Rule 19 states:

> A person who is subject to service of process and whose joinder
> will not deprive the court of subject-matter jurisdiction must be
> joined as a party if: (A) in that person's absence, the court cannot
> accord complete relief among existing parties; or (B) that person
> claims an interest relating to the subject of the action and is so
> situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to
> protect the interest; or (ii) leave an existing party subject to a
> substantial risk of incurring double, multiple, or otherwise
> inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).  The party filing the motion bears the burden of establishing that a

non-joined party is indispensable.  See Axiom Worldwide, Inc., v. Becerra, No. 08-cv-1918-T-

3

27TBM, 2009 WL 1347398 at *3, (M.D. Fla. May 13, 2009) (citing <u>Nottingham v. Gen. Am.</u> <u>Commc'ns Corp.</u>, 811 F.2d 873, 880 (5th Cir. 1987)); <u>F.D.I.C. v. Beall,</u> 677 F. Supp. 279, 283 (M.D. Pa. 1987).

The Defendants have not carried their burden.  Their Rule 19(a) argument is limited to the following:

> [T]he facts of this case will establish that Mr. Ragans was not acting as an agent, servant, employee or representative of Defendants, but rather he was an independent contractor who at all times was acting on his own behalf and on behalf of the Plaintiffs . . .  As the only person alleged to have made the representations at issue, Ragans would be the responsible party if Plaintiffs are entitled to . . .  recovery.

(Doc. 20 at 2-3). The problem with this argument is that it relies on what "the facts of this case *will* establish," and not on what is alleged in the Amended Complaint.  (Doc. 19 ¶ 9) (emphasis added).  In the Amended Complaint, the Plaintiffs allege that Ragans was employed by each of the Defendants, and that the Defendants acted "by and through" Ragans.  (Doc. 15 at ¶ 7-8).  The Plaintiffs thus rely on a respondeat superior or vicarious liability theory.

The Defendants do not cite authority for or elaborate on their argument that Rule 19(a)(1)(A) requires Ragans's joinder  to "accord complete relief among existing parties." [2] In fact, the law is to the contrary.  "It is well established that 'it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.'" <u>Becerra</u>, 2009 WL 1347398 at *4 (quoting <u>Temple v. Synthes Corp., Ltd.</u>, 498 U.S. 5, 7 (1990)); <u>Nash v. Hall</u>, 436 F. Supp. 633, 635 (W.D. Okla. 1977) (holding that because all claims made against an individual were in his capacity as agent for other defendants, he was not an indispensable party under Fed. R. Civ. P.

---

[2]The Defendants do not rely on any other provision of Rule 19.

19).  See also Rule 19, Advisory Committee's Note.  Accordingly, the Court will deny the

Defendants' request to dismiss Plaintiffs' Complaint pursuant to Rule 19.

### The Motion Pursuant to Fed R. Civ. P. 12(b)(6)

In ruling on a Motion to Dismiss made pursuant to Fed. R. Civ. P. 12(b)(6), the Court

must accept the allegations in the complaint as true and view reasonable inferences  in the light

most favorable to the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 95 (2007).  A complaint

does not satisfy the requirements of Rule 12(b)(6) if it fails to allege "enough facts to state a claim

to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)

(modifying longstanding 12(b)(6) standard set out in Conley v. Gibson, 355 U.S. 41 (1957)). See

also Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937 (2009) (clarifying that Twombly standard not

limited to antitrust context).  To survive a motion made pursuant to Fed. R. Civ. P. 12(b)(6),  a

plaintiff must  "make a 'showing' rather than a blanket assertion of an entitlement to relief."

Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008).  In other words, he must supply

"enough facts to raise a reasonable expectation that discovery" will reveal evidence supporting his

claim.  Id.. at 232 ( quoting Twombly, 550 U.S. at 556 n.3).

The United States Court of Appeals for the Third Circuit has instructed:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to
> state a claim, district courts should conduct a two-part analysis.
> First, the factual and legal elements of a claim should be separated.
> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions. Second, a
> District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a 'plausible
> claim for relief.' In other words, a complaint must do more than
> allege the plaintiff's entitlement to relief. A complaint has to 'show'
> such an entitlement with its facts.

5

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 ( 3d Cir. 2009).  Where the court is unable to infer more than a mere possibility of misconduct, the complaint does not "show" that the pleader is entitled to relief.

**The Breach of Contract Claim**

The Plaintiffs' breach of contract claims are based on the sales agreements for each of the properties and the mortgage.  These documents are attached to the Amended Complaint.  Even a cursory review of these agreements establishes that the Joneses do not allege that the Defendants failed to comply with the terms of these contracts.  In fact,  is clear that the Plaintiffs received no less than what they were due under the contracts.  The Plaintiffs' problem is not with the terms of the agreements, but with the allegedly false representations and assurances that led them to execute the agreements.  "It is the Plaintiff's [sic] stance that all contracts entered into between the Plaintiffs and the Defendants were induced by the fraudulent representations of the Defendants' employee, Michael Ragans." (Doc. 29 at 3). These allegations sound in tort, and do not state a breach of contract claim.

In asserting their contract claim, the Plaintiffs cite the decision in Surachi v. Ball, 51 A.2d 404 (Pa. Super. 1947) for the proposition that "[i]t is always competent to aver and prove that an engagement in writing was induced by fraudulent oral representations of material facts that affect the consideration.  The purpose in such a case is to strike the writing down." (Doc. 29 at 2) (internal citation omitted).   The goal of the Plaintiffs' purported breach of contract claim is to strike, not to rely on, contracts made with the Defendants.

The Pennsylvania Supreme Court and the Pennsylvania Superior Court "have consistently

6

held that "the victim of fraud in the inducement has two options: (1) rescind the contract, or (2) affirm the contract and sue for damages." Eigen v. Textron Lycoming Reciprocating Engine Div., 874 A.2d 1179, 1184 (Pa. Super. 2005) (citing Scaife Co. v. Rockwell-Standard Corp., 285 A.2d 451, 456 (1971) (other citations omitted)).  Filing a claim for breach of contract is not one of these options.  Because the Plaintiff conflates a remedy available to a victim of fraud with a claim for breach of contract, Count I of the Complaint will be dismissed. [3]

### The Allegations of Fraud

"Pursuant to Rule 9(b), a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.' " Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (quoting Lum v. Bank of America, 361 F.3d 217, 223-24 (3d Cir. 2004)). In order to  satisfy this standard, the plaintiff must "inject precision and some measure of substantiation into [the] allegations [of fraud] .... who, what, when, where, and how: the first paragraph of a newspaper story would satisfy the particularity requirements." Sun Co., Inc. v. Badger Design & Constructors, 939 F. Supp. 365, 369 (E.D.Pa.1996) (brackets in original) (quoting In re Chambers Dev. Sec. Litig., 848 F .Supp. 602, 616 (W.D.Pa. 1994)).

The Plaintiffs' fraud allegations in this matter are wholly conclusory, lacking any of the

---

[3]This claim, insofar as it asks that the contract be struck based on fraud in the inducement, is, for all practical purposes, duplicative of the fraud claim in Count IV.  Striking the contract is one of the *remedies* available where fraud is established.  In order to demonstrate entitlement to that remedy, the Plaintiffs must, therefore, set out tenable allegations of fraud. As the Court notes in its discussion of Count IV of the Amended Complaint, the Plaintiffs' allegations of fraud fail to satisfy the specificity requirements of Fed. R. Civ. P. 9(b).

detail mandated by Rule 9(b).  As a result, Count IV of the complaint will be dismissed .[4]

### The Pennsylvania Unfair Trade Practices and Consumer Protection Law

The Plaintiffs claim that "describing real estate . . .  as being habitable with little or no renovation(s) constitutes an unfair or Deceptive [sic] act or practice under § 201-2(4)(xxi) of the Pennsylvania Unfair Trade Practices and Consumer Protection Law." (Doc. 15 at ¶ 32).[5]  Section 201-2(4)(xxi) is the CPL's "catchall" provision.  See Colaizzi v. Beck, 895 A.2d 36, 39 (Pa. Super. 2006).  The Defendants argue that in order to state a claim under this provision, a plaintiff must allege the common law elements of fraud with the same degree of particularity required by Fed. R. Civ. P. 9(b).

This issue was addressed in Caciolo v. Masco Contractor Serv. E., Inc., No. Civ. A. 04-962, 2004 WL 2677170 (E.D. Pa. Nov. 22, 2004).  There, the Court noted : "[T]he Pennsylvania Supreme Court recently clarified that '[t]o bring a private cause of action under the [CPL], a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of that reliance.' Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 438 ( 2004)." Caciolo, 2004 WL 2677170, at *4.  The Court in Caciolo concluded that because the Yocca decision did not "refer[ ] to the other elements of common-law fraud, the Court [could] not assume that the requirements of Rule 9(b) should be applied to claims under the CPL." Caciolo, 2004 WL 2677170 at *5 n.2.

---

[4]The Defendants allege that the fraud claim is barred by the applicable two year statute of limitations.  The Plaintiffs respond that they did not discover the alleged fraud until they visited Western Pennsylvania in June 2007. The fraud claim, they say, was brought within two years of this discovery date and was, therefore, timely.  For purposes of a Rule 12(b)(6) Motion to Dismiss, these allegations are sufficient.

[5]This law is codified at 73 Pa. Cons. Stat. Ann.  201-1, et seq.

Although there was confusion over the relevant pleading standard prior to Yocca, see

Grant v. Kingswood Apts., Civ. A. 01-1543, 2001 WL 1876343 at *4 (E.D. Pa. Oct. 15, 2001)

(collecting cases), the Plaintiffs have not cited any case decided after Yocca in which a court has

applied the Rule 9(b) pleading standard to cases brought under the CPL.  The Court thus adopts

the reasoning articulated in Caciolo, and finds that Count III, which incorporates the other

allegations set out in the Complaint, is narrowly sufficient to state a claim. [6]

**Conclusion**

For the reasons set out above, the Defendants' Motion to Dismiss the Amended Complaint

for Failure to join a Necessary Party [Doc. 19] will be Denied.  The Defendants Motion to

Dismiss the Amended Complaint for failure to State a Claim [Doc.19] will be granted as to

Counts I and IV, and denied as to Counts II and III.

An appropriate order follows.


By the Court,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge


Dated:   5 February, 2010

---

[6]The Defendants do not specifically discuss the claim for unjust enrichment set out in Count II of the Amended Complaint.  The Plaintiffs have alleged each of the elements required to support this claim. See Stoeckinger v. Presidential Fin. Corp. of Delaware Valley, 948 A.2d 828, 833 (Pa. Super. 2008). As to this claim, therefore, the Motion to Dismiss will be denied.