IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN T. JONES, SR.; MARSHA JONES, his wife, | ) ) | |
| Plaintiffs | ) ) | |
| vs. | ) ) ) | Civil Action No. 09-819 Chief Magistrate Judge Lisa Pupo Lenihan |
| PENNY FORECLOSURES, LLC; PENNY FORECLOSURES, II, LLC; DOME PROPERTIES, LLC; CARLOS DE OLIVEIRA and WENDY DE OLIVEIRA, his wife, | ) ) ) ) ) ) | ECF No. 47 |
| Defendants | ) | |

## OPINION

Lenihan, M.J.

The Court here addresses a Motion for Sanctions [ECF. No. 47] made pursuant to Fed. R. Civ. P. 11 by Defendants Carlos and Wendy DeOliveira, Penny Foreclosures, LLC, and Penny Foreclosures II, LLC (collectively, "the Defendants").[1] The Motion will be denied.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The dispute underlying this diversity matter is outlined in an Amended Complaint [ECF No. 15] set out in four counts: 1) breach of contract; 2) unjust enrichment; 3) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL"); and 4) fraud. There, the Plaintiffs, Colorado residents, Glenn and Marsha Jones ("the Joneses" or "the Plaintiffs") alleged that Michael Ragans ("Ragans"), who was employed by the Defendants, fraudulently induced the Plaintiffs to buy Western Pennsylvania properties that were or could readily be made suitable for rental as Section Eight housing. After executing integrated contracts

---

[1] This Motion was filed on behalf of all Defendants with the exception of Dome properties, LLC, which has no relationship with the other Defendants.

to buy these properties, the Joneses allegedly learned that the housing was "uninhabitable, had little or no rental value [and was] in such a state of disrepair" that demolition "was the only solution." [ECF No. 15 at ¶¶ 16-20]. In an Opinion [ECF No. 32] evaluating these Defendants' Motion to Dismiss the Amended Complaint, the Court dismissed the claim for breach of contract "[b]ecause the Plaintiff[s] conflate[d] a remedy available to a victim of fraud with a claim for breach of contract." [ECF No. 32 at 7]. It dismissed the fraud allegations as "wholly conclusory, lacking any of the detail mandated by [Fed. R. Civ. P.] 9(b)," and deferred consideration of the Defendants' argument that the fraud claims were barred by the controlling statute of limitations. [Id. at 8]. The claim made under the CPL survived the Motion to Dismiss because at least one district court has found that the specificity requirements of Fed. R. Civ. P. 9(b) do not apply to claims under the CPL. See Caciolo v. Masco Contractor Serv. E., Inc., Civ. A. No. 04-962, 2004 WL 2677170 at *5 n.2 (E.D. Pa. Nov. 22, 2004). Last, the Court concluded that the Plaintiffs' unjust enrichment claim survived the Motion to Dismiss because each of the elements of claim had been alleged, and the Defendants did not challenge it in their opposition to the Motion. [ECF No. 32 at 9 n.6; ECF No. 35]. [2]

Discovery was stayed pending the outcome of a settlement conference, and on May 3, 2010, the Court issued a case management Order establishing a closing date for discovery, and setting December 14, 2010 as the date for responding to any motion for summary judgment. [ECF No. 41]. On May 17, 2010, Marsha Jones, one of the Plaintiffs, died. On July 26, 2010, the Court, "having been advised that the plaintiff is going to be filing a dismissal of this action," entered an Order cancelling a settlement conference set for July 27, 2010. No dismissal was

---

[2] At the same time they filed the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) (6), [ECF 19], the Defendants filed a Motion to Dismiss for Failure to Join an Indispensable Party (Michael Ragans) pursuant to Fed. R. Civ. P. 12(b) (7). [ECF No. 19]. The Motion to Dismiss for Lack of Joinder was denied. [ECF No. 35].

filed. As a result, the Court, in an Order dated September 22, 2010, set a status conference for November 2, 2010, directing that the Plaintiff, Glenn Jones, and his attorney "appear in person to advise the Court why the case should not be dismissed based on previous representations." Due to the death of Judge Hay, the status conference was held before Judge Lisa Pupo Lenihan. The Plaintiff did not appear as instructed, and his attorney advised the Court that he had been unable to communicate with his client, but had notified him that the case could be dismissed if he did not appear. The Defendants asked that the case be dismissed for failure to prosecute. The Court entered an Order [ECF No. 45] dismissing the case without prejudice, and inviting the Plaintiff to file a motion for reconsideration of the Order no later than November 23, 2010. In the same Order, the Court explained to the Plaintiff that if he did not file a motion for reconsideration, his case would be dismissed with prejudice. The Plaintiff failed to file a response, and on December 6, 2010, the Court entered an Order [ECF No. 46] dismissing the case with prejudice. The pending Motion for Sanctions followed.

## II. THE STANDARD GOVERNING RULE 11 MOTIONS FOR SANCTIONS

Courts are mandated to give the Federal Rules of Civil Procedure their plain meaning. Bus. Guides v. Chromatic Commc'n Enters., Inc., 498 U.S. 533, 541 (1991) (internal citations omitted). Federal Rule of Civil Procedure 11 sets out the standard that counsel and unrepresented parties must satisfy when filing pleadings, motions, or other documents. Whenever an attorney makes such a filing, he or she is certifying to the best of his or her knowledge, information, and belief, formed after reasonable inquiry under the circumstances, that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary or needless increase in the cost of litigation;
> (2) the claims, defenses and other legal contentions therein

> are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence, or if specifically so identified, are reasonably based on a lack of information or belief.

Acevedo v. Monsignor Donovan High Sch., Civ. No. 05-5169, 2006 WL 2594877 at *2 (D.N.J. Sept. 11, 2006) (quoting Fed. R. Civ. P. 11(b)).

This rule can be judicially viewed as "impos[ing] on counsel a duty to look before leaping" or as a "litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986). Stated differently, Rule 11 requires that an attorney who files a complaint certifies that there is a reasonable basis in fact and law for the claims. The clear purpose of the rule is to discourage the filing of frivolous, unsupported, or unreasonable lawsuits. The Court of Appeals for the Third Circuit has held that Rule 11 sanctions are appropriately imposed "only if the filing of the complaint constituted abusive litigation or misuse of the court's process." Teamsters Local Union No. 430 v. Cement Exp., Inc., 841 F.2d 66, 68 (3d Cir. 1988).

In this Circuit, "the legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 289 (3d Cir. 1991); see also Teamsters Local Union No. 430 841 at 68 (same). "Reasonableness" in the context of Rule 11 has been defined as "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." Ford Motor Co., 930 F.2d at 289. Significantly, the moving party is not required to make a showing of bad faith. Martin v. Brown, 63 F.3d 1252, 1264 (3d Cir.

4

1995). An "empty head, pure heart" excuse cannot be used by the accused party as justification for filing a frivolous motion. Acevedo, 2006 WL 2594877 at *2; see also, Langer v. Monarch Life Ins. Co., 966 F.2d 786, 810 (3d Cir. 1992). To comply with the mandates of Rule 11, counsel is required to conduct a "reasonable inquiry into both the facts and law supporting a particular pleading." In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 187 n.7 (3d Cir. 2002).

## III. THE SUBSTANCE OF THE DEFENDANTS' MOTION

The Court begins its consideration of the Defendant's Motion by noting that when it ordered that this case be dismissed for failure to prosecute, the matter had proceeded only through the Motion to Dismiss phase.. Certain claims remained, and discovery had yet been completed.[3] Against this background, the Court turns to the Defendants' arguments with respect to each of the claims set out in the Amended Complaint.

**Breach of Contract**

As the Defendants themselves state, "[t]he predominant purpose of Rule 11 is to 'deter baseless filings' in District Courts." (ECF No. 48 at 5) (citation omitted). They contend that the breach of contract claim was baseless: "Despite the unambiguous language of the contracts and the integration clauses in each contract, [the Plaintiffs' attorney] blatantly ignored the facts and law surrounding the agreements between the parties. Instead, [he] filed . . . a breach of contract claim that lacked any merit whatsoever." (Id. at 9). "This blatant disregard for the information contained in the contracts, as well as the seller disclosure statements is a direct violation of Rule 11(b)." (Id.). The Court finds that this conclusion overstates the shortcomings in the Plaintiffs'

---

[3] In what can only be a typographical or "cut and paste" error, the Plaintiff opens his brief in response to the Motion for Sanctions by stating that "[t]he Defendants [sic] Motion for Summary Judgment lacks merit." (ECF No. 51 at 1). Of course, this case has not reached and will not reach the summary judgment stage.

5

filing.

The law of contracts, though it is part of every basic law school curriculum, has confounded many a practitioner. Granted, one might expect a seasoned attorney to understand and draft a complaint recognizing the difference between the remedies for breach of contract and fraud in the inducement of a contract. The Court, however, is not prepared to say that the inclusion of a breach of contract claim in the Plaintiffs' pleading was so egregious as to warrant the imposition of sanctions – especially where a claim based on fraud under the CPL survived. Inadequate pleading is a fact of legal life. If it were otherwise, there would be no need for Fed. R . Civ. P. 12(b) (6).

**Unjust Enrichment**

In their Motion to Dismiss the Plaintiffs' Amended Complaint, the Defendants ignored altogether the unjust enrichment count. They now argue, however, that inclusion of this count in the Complaint is cause for imposition of Rule 11 sanctions: "It is clear based upon the case law that unjust enrichment is an equitable remedy used only in the absence of a contractual agreement between parties. As previously discussed, the parties in the instant action entered into contractual agreements regarding the sale of the properties . . . thereby precluding the use of the doctrine of unjust enrichment." [ECF No. 48 at 12]. Although it is true that a Plaintiff may not recover for the same injury under contract and quasi-contract theories, "pleading in the alternative is, of course, authorized by the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 8(a) (3)." Howard Hess Dental Lab., Inc. v. Dentsply Inter'l, 602 F.3d 237, 256 (3d Cir. 2010). Although it is unlikely that the Plaintiffs would have recovered on an unjust enrichment theory, the Court is not prepared to say that inclusion of this count "constituted abusive litigation or misuse of the court's process." Teamsters Local Union No. 430, 841 F.2d at 68.

**Fraud**

The gist of the Defendants' argument regarding the fraud claims is that they should not have been filed, because they were barred by the statute of limitations. In its Memorandum Opinion addressing the Motion to Dismiss, the Court rejected this argument as insufficient to warrant dismissal of the claim, given the Plaintiffs' allegation that they did not discover the alleged fraud until June 2007. [4] The Defendants fail to discuss the Court's finding, choosing instead to reiterate the limitations argument made in their Motion to Dismiss - that because the Plaintiff's knew that the fraud claim was time-barred, pursuit of that claim "unequivocally violate[d] Rules 11(b)(1),(2) and (3) of the Federal Rules of Civil Procedure." [ECF No. 48 at 11]. The Court finds that the Plaintiffs' invocation of the discovery rule was sufficient to permit the fraud claim to survive the Motion to Dismiss. Thus, the filing of that claim was not frivolous, and does not constitute grounds for imposing sanctions.

**The CPL**

In discussing the adequacy of the Plaintiffs' CPL claim, the Court found that the specificity requirements necessary to plead adequately a claim for common law fraud do not apply to actions based on the CPL, and that, as a result, the CPL claim would survive the Defendants' Motion to Dismiss. (See ECF No. 32 at 8-9).

Here, the Defendants make an argument that might more appropriately have been raised in a Motion for Summary Judgment. They contend that one element of a CPL claim is a "material misrepresentation of existing fact." [ECF No 48 at 13] (citing Mancini v. Morrow, 458 A.2d 580 (Pa. Super. 1983). They next state: "[T] the only representations Plaintiffs allegedly received with regards [sic] to the properties in question were from Mr. Ragans, who at all times

---

[4] The Court dismissed the fraud count, not on limitations grounds, but on the ground that the Plaintiff failed to supply particulars adequate to satisfy the requirements of Fed. R. Civ. P. 9(b). The Defendants do not argue that this lack of specificity warrants imposition of sanctions.

was acting as an independent contractor and not as an agent, servant, employee or representative of Defendants." (Id.). As the Court observed in the context of the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) (7) - the Defendants' Motion for Failure to Join an Indispensable Party - it was bound to accept the Plaintiffs' allegation that Ragans was employed by each of the Defendants and that the Defendants acted though him. What discovery or other further development of the case might ultimately have established regarding Ragan's employment status is unknown. What *is* known is that the Court does not have before it information showing that, at the time the Complaint was filed, the Plaintiffs knew Ragans's true status, and, in filing the CPL claim, engaged in abusive litigation or misused the court's process. See Teamsters Local Union No. 430, 841 F.2d at 68.

## IV. CONCLUSION

For the reasons detailed above, the Court will deny the Defendants' Motion for Sanctions [ECF 47] made pursuant to Fed. R. Civ. P. 11. An appropriate Order follows.

Dated: May 2, 2011             BY THE COURT,

/s/*Lisa Pupo Lenihan*
LISA PUPO LENIHAN
Chief U.S. Magistrate Judge

cc: Counsel of Record via CM-ECF